Deaderick, J.,
delivered the opinion of the court.
Plaintiff filed her petition in the Circuit Court of Montgomery County on the 1st of June, 1872, against defendant for compensation for the value of her land taken by defendant, and for damages to her land in consequence of the location of defendant’s road thereon.
The petition alleges that the land was taken by the company, and the damages sustained, in 1859 or 1860.
The defense is the statute of limitations of five years, the charter of defendant providing for the mode *622 of ascertaining the value of tbe land, and the amount of the damages sustained, barring the right of the landowner' to recover unless suit were brought within five years after the cause of action accrued.
Assuming that the cause of action arose in January, 1860, it is manifest that more than five years elapsed from that time to the 1st of June, 1872, when the petition was filed, even counting out the whole of the time from the 6th of May, 1861, to the lsj; of January, 1867.
It is, however, argued for the plaintiff that this provision of the company’s charter cannot constitutionally deprive her of her land without just compensation being first made therefor, — that she cannot be divested of, nor the defendant vested with, the title thereto by the lapse of time, but only by paying the just compensation therefor.
No law could be passed arbitrarily divesting the ownership in land, and vesting it in the State, or in any corporation, — without making provision for just compensation to the owner.
Mr. Cooley, in his treatise on Constitutional Limitations, says: — “ The time when the compensation must be made may depend upon the peculiar constitutional provisions of the State.In some of the States, by expi’ess constitutional direction, compensation must be made before the property is taken; ” page 560. But he adds: — “When the property is taken directly by the State, or by any municipal corporation by State authority, it has been repeatedly held not to be essential to the validity of a law for the exercise of *623 the right of eminent domain, that it shall provide for making compensation before the actual appropriation. It is sufficient if. provision is made by the law, by which the party can obtain compensation, and that an impartial tribunal is provided for assessing it.”
The right to appropriate the land of a private citizen by the State for the use of the public in the construction of a railroad, is well estalished. Woodfork v. The N. & C. R. R. Co., 2 Swan, 422. And there is nothing in the 21st section of Art. I. of the Constitution, requiring that the compensation shall be actually paid before the land is taken: — that section providing simply “that no man’s particular services shall be demanded, or property taken, or applied to public use, without the consent of his representative, or without just compensation being made therefor.”
The condition upon which his services may be demanded or property taken, are, that his representatives consent thereto, and that just compensation be made therefor.
The State has provided in the charter of defendant a remedy by a resort to which compensation can be assessed, and adequate means for this satisfaction are also provided by the process of the legal tribunals, which statutory remedy was held to be exclusive as to. land taken for the use of railways. Colcough v. The N. & C. R. R. Co., 2 Head, 175; The Tenn. & Ala. R. R. Co. v. Adams, 3 Head, 599.
The remedy being adequate, and the party allowed to pursue it, it is not unconstitutional to limit the period in which he may resort to it, and to provide *624 that unless he shall take proceedings for the assessment of damages within a specified time, all right thereto shall be barred. Cooley's Con. Lira., 561.
There -is nothing in this view in conflict with the principles .settled in the case of White v. The Nashville & Northwestern R. R. Co., reported in 7 Heis., 518. In that ease, the statute of limitations did not arise, as it does in this. The court there said that the plaintiff had not been paid, and had been continuously litigating his right to compensation ever since his property had been taken. That under such circumstances he could not be held to a mere technical waiver, as he had no remedy by which he could regain the land.
The questions in this case were submitted to the decision of the Circuit Judge by consent, without the intervention of a jury. He dismissed the plaintiff’s petition, from which she appealed.
We affirm the judgment.